IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-60379
Summary Calendar

———————————

JAMES WEDGEWORTH,

Petitioner-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
KENNETH D. CROSS, SHERIFF OF JASPER COUNTY, MS,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:96cv28LN
- - - - - - - - - -
June 24, 1998
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

James Wedgeworth appeals from the dismissal of his petition
for a writ of habeas corpus on the basis that he was denied the
effective assistance of counsel in violation of the Sixth
Amendment to the U.S. Constitution.  Wedgeworth was sentenced in
the Circuit Court of Newton County, Mississippi to a term of life
imprisonment after being convicted of the capital rape of a child
under fourteen years of age.  Wedgeworth contends that his trial

———————————

   *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel were deficient in failing to adequately investigate, and present evidence of, Wedgeworth's alleged sexual impotency. Specifically, Wedgeworth argues that his counsel should have interviewed Dr. Richard Vise, who had previously performed prostate surgery on Wedgeworth, and called Dr. Vise as a witness to testify regarding Wedgeworth's alleged impotency. Wedgeworth concludes that, as the State would have been required to prove vaginal penetration as an essential element of his charged crime, evidence of his impotency may have altered the result of his trial.

As Wedgeworth's petition was filed prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this petition is governed by pre-AEDPA habeas corpus law. See Green v. Johnson, 116 F.3d 1115, 1120 (5th Cir. 1997).

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Cockrum v. Johnson, 119 F.3d 297, 302 (5th Cir. 1997). Under Strickland v. Washington, 466 U.S. 668 (1984), to prevail on this claim, Wedgeworth must first show that his counsel's performance fell below an "objective standard of reasonableness." Id. at 687-88. In addition, Wedgeworth must also prove that his counsel's deficient performance prejudiced his defense and deprived him of a fair trial. Id. at 687. To show prejudice, Wedgeworth must show that there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceedings

would have been different.  Kirkpatrick v. Blackburn, 777 F.2d 272, 286 (5th Cir. 1985).

At the evidentiary hearing held by the district court, Wedgeworth's trial counsel testified that successfully proving Wedgeworth's impotency would not have prevented conviction because it was possible to have vaginal penetration without an erection.  This fact was confirmed by Dr. Vise.  Thus, even if proven, Wedgeworth's alleged impotency would not have provided a defense to his charged crime.  Wedgeworth has therefore failed to prove that his defense was prejudiced by his counsel's allegedly deficient performance, as required by the second Strickland prong.

As Wedgeworth has failed to prove that his defense was prejudiced, we need not consider whether his counsel's performance was deficient.  Because Wedgeworth failed to satisfy his burden of proving both Strickland prongs to establish ineffective assistance of counsel, his petition for a writ of habeas corpus was properly denied.

AFFIRMED.